**SO ORDERED.**

**SIGNED this 23 day of July, 2009.**



_____
JANICE MILLER KARLIN
UNITED STATES BANKRUPTCY JUDGE

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

In re:                )
                      )
GLORIA ANN BOERGER,    )    Case No. 09-40136
                      )
        Debtor.        )
_____)

### MEMORANDUM OPINION AND ORDER DENYING
### DEBTOR'S MOTION TO ALTER OR AMEND JUDGMENT AND
### DENYING PIONEER RIDGE'S MOTION FOR WRITTEN FINDINGS

This matter is before the Court on Debtor's Motion to Alter or Amend Judgment[1] and on the Motion for Written Findings of Fact and Conclusions of Law[2] filed by Creditor, Pioneer Ridge Nursing Facility. Debtor seeks reconsideration of the Court's June 15, 2009 order, which was announced orally on the record and then incorporated by reference into a written order granting Creditor Pioneer Ridge Nursing Facility's Motion for Relief From Stay.[3] Those oral findings of fact

---

[1] Doc. 62.

[2] Doc. 65.

[3] Doc. 53.

and conclusions of law have now been transcribed,[4] and the Court finds that the transcription essentially captures the Court's recitation.

This is a core proceeding over which this Court has jurisdiction to enter a final order.[5] For the reasons set forth below, the Court denies both motions.

## I. FINDINGS OF FACT

On June 15, 2009, the Court conducted a hearing on Pioneer Ridge Nursing Facility's ("Pioneer Ridge") Motion for Relief from Stay, Motion to Dismiss Bankruptcy Case,[6] and Motion to Determine Executory Contract Rejected.[7] At the conclusion of that hearing, the Court read its findings of fact and conclusions of law into the record. The Court granted the motion for relief from stay, denied the motion to dismiss, and granted the motion to determine the executory contract was rejected. Debtor now seeks to alter or amend the Court's order regarding the motion for relief from stay. There has been no appeal of the other orders.

The underlying facts are fully set forth in the transcript of the hearing,[8] so the Court will not reiterate them here. Essentially, Pioneer Ridge filed a motion for relief from stay seeking Court approval to proceed with its administrative efforts to evict Debtor from its facility. Debtor objected on the basis that the only contractual justification for proceeding with the eviction was Debtor's non-payment of certain amounts for housing at the facility, that she would soon be discharged of that

---

[4] Doc. 61.

[5] 28 U.S.C. § 157(b)(1) (Court has jurisdiction over core proceeding), 28 U.S.C. § 157(b)(2)(G) (motions to terminate, annul, or modify the automatic stay are core proceedings) and 28 U.S.C. § 1334.

[6] Doc. 32.

[7] Doc. 34.

[8] Doc. 61.

2

monetary obligation when she received her bankruptcy discharge, and therefore Pioneer Ridge should not be allowed to proceed with the eviction once she received that discharge.

The Court determined that cause existed to lift the automatic stay, which also expired as a matter of law the same date the stay relief order was entered, when Debtor's discharge was entered.[9] The order thus allowed Pioneer Ridge to proceed with the state administrative eviction action, which had been stayed when Debtor filed this bankruptcy petition. The Court clearly stated on the record that it was not ruling on the merits of the underlying eviction action, and that Debtor was free to raise any and all defenses to that proceeding that she has under non-bankruptcy law.

## II. STANDARD OF REVIEW

Rule 9023 of the Federal Rules of Bankruptcy Procedure incorporates Rule 59 of the Federal Rules of Civil Procedure, and allows for alteration or amendment of judgments on the grounds for relief set forth in Rule 60(b) of the Federal Rules of Civil Procedure, as incorporated in Bankruptcy Rule 9024.[10] Grounds for relief include mistake, inadvertence, surprise, excusable neglect, fraud or newly discovered evidence. A motion to reconsider that is filed within ten days of the entry of judgment is treated as a motion to alter or amend.[11]

The legal standard for granting a motion for reconsideration is narrow. "A motion for reconsideration should be granted only to correct manifest errors of law or to present newly discovered evidence."[12] "Such motions are not appropriate if the movant only wants the Court to

---

[9] Doc. 54.

[10] *See In re Colley,* 814 F.2d 1008, 1010 (5th Cir. 1987).

[11] *In re American Freight System, Inc.*, 168 B.R. 245, 246 (D. Kan. 1994).

[12] *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, n. 5 (10th Cir. 2000) (internal quotations omitted).

3

revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally."[13]

### III. ANALYSIS OF MOTION TO ALTER OR AMEND

#### A. Alleged Errors in Factual Findings

Debtor claims that the Court made several errors in the findings that were orally stated on the record when the Court attempted to provide factual context for the Court's decision. In particular, Debtor claims that the Court erred in finding that:

- "her son, who served as her attorney in fact, knew she was about to run out of personal funds to pay for charges . . . [and] did not [timely] file for Medicaid assistance;"

- "her application was denied . . . because debtor's attorney had failed to respond to a request for information from the state;" and

- "the state authorities specifically declined to award the benefits retroactively based upon a finding of improper use of funds and lack of documentation."

In her brief in support of the Motion to Alter or Amend the Judgment, Debtor asserts that "those assertions are unsupported by competent evidence. These claimed facts have not been stipulated to or admitted to and <u>are controverted</u>."[14]

The Court finds Debtor's position regarding these facts troubling.[15] Pioneer Ridge alleged certain statements of fact in its initial brief.[16] Debtor, acting through the same counsel who filed this

---

[13]*Zhou v. Pittsburg State Univ.*, 252 F. Supp. 2d 1194, 1199 (D. Kan. 2003) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[14]Doc. 62 (emphasis added).

[15]The Court expressly noted that its finding regarding the first issue (the son's untimely application for Medicaid) was not determinative of the legal issue before this Court. *See* Transcript at page 25, Line 13.

[16]Doc. 27, and Attachment 3, Affidavit of Marie Vogel.

4

Motion to Alter or Amend, clearly and unequivocally stated in paragraph 2 of her opposition brief that

> "Pioneer Ridge's brief includes five pages of "Facts" alleging all the various other ways in which the Debtor failed to conform to the agreement. For example, she failed to communicate changes in her assets and resources to Pioneer Ridge timely, failed to act as quickly as possible to apply for Medicaid, and failed to provide additional documentation quickly to the Medicaid agency. **The Debtor does not controvert these allegations, either**."[17]

Following the issuance of the adverse ruling, however, Debtor's counsel now claims three of the background facts recited by the Court were incorrect and should be set aside.

The Court does note that the first finding of fact — that Debtor's attorney-in-fact (her son) knew she was about to run out of money but failed to timely apply for Medicaid assistance — was not expressly included in Pioneer Ridge's statement of facts to which Debtor expressly concurred. However, Debtor admitted, in her own pleadings, that all of her "financial resources were exhausted by January 2008," but her attorney-in-fact did not "apply for Medicaid assistance until March 20, 2008."[18] So, although not specifically set forth in the manner in which the Court announced its finding of fact, Debtor's admission contained in her own pleadings clearly supports the Court's inclusion of this fact by way of background.

For these reasons, the Court finds that Debtor has failed to show that the Court's ruling should be set aside based upon these three alleged factual errors. These facts were asserted by Pioneer Ridge in its initial brief and were admitted by Debtor. Debtor specifically stated that she did not controvert any of those facts and, based upon Debtor's position, the Court adopted the facts in

---

[17]Doc. 36 at ¶ 2 (emphasis added).

[18]Doc. 13 at ¶ 3.

5

Case 09-40136   Doc# 70   Filed 07/23/09   Page 5 of 11

issuing its order on the motion for stay relief. It is not appropriate for a party to seek reconsideration of a factual finding that the party previously indicated, on the record, that she did not contest, or findings that were drawn from admissions made by the party herself.

Finally, the Court will note that even if these three facts were omitted from its findings, the legal conclusions ultimately made would have been the same based on the other facts contained in the Court's oral decision, and based on the application of law to the other facts, of which Debtor does not now complain.

### B. Alleged Legal Errors

In addition to seeking to set aside certain factual findings, Debtor claims that the order granting relief from stay should be set aside because the Court erred in analyzing the underlying law on the issue of whether Pioneer Ridge has the legal right to attempt to evict Debtor, post-bankruptcy. Debtor actually admits in her brief that the alleged errors of law occurred "[p]robably because counsel for the Debtor failed to adequately brief the question of her right to stay the eviction pending her bankruptcy discharge." Specifically, Debtor alleges that the Court overlooked two important principles:

- That Pioneer Ridge's attempt to evict the Debtor under the terms of the admission agreement constitutes an act to collect a debt and is, therefore, subject to the stay provided in 11 U.S.C. § 363; and

- Debtor is a performing party under the new agreement to pay, which is a function of her eligibility under the Medicaid Act and the Nursing Home Reform Act.

Although the Court always appreciates candor by counsel, the Court notes that motions for reconsideration or to alter or amend are not appropriate to remedy situations where parties neglect to adequately brief an issue in the first instance. This is precisely the type of "do over" that Pioneer

6

Ridge's brief in opposition to this Motion to Alter or Amend argues is not allowed. If a party fails to adequately and timely raise an issue with the Court, the party should not expect to seek relief from that "error" by asking the Court to set aside its prior ruling so that the party can try harder the second time. "Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed <u>or to hear new arguments or supporting facts that could have been presented originally</u>."[19]

That said, the Court finds that neither of the points raised by Debtor provide cause to alter or amend the Court's prior order granting stay relief. First, the Court notes that the motion to reconsider is likely moot. Debtor is seeking an order that would rescind the prior order that granted relief from the automatic stay. As all parties are well aware, the automatic stay was lifted by operation of law on June 15, 2009, when Debtor's discharge was entered..[20] No one appealed Debtor's discharge order, and the stay is now lifted for that reason, too. Withdrawing the Pioneer Ridge stay relief order in this case will therefore have no practical effect, as doing so will not reinstate the automatic stay.

As for the argument that Pioneer Ridge's attempt to evict the Debtor based upon the pre-petition breach of the original admission agreement is an attempt to collect a debt and, thus, subject to the automatic stay, Debtor raises no argument that was not previously considered by the Court. The rejection of the agreement, by failing to assume it, constitutes a pre-petition breach of the agreement that entitles Pioneer Ridge to seek redress for that breach. The Court finds it was appropriate to grant stay relief to allow Pioneer Ridge and Debtor to continue the administrative

---

[19]*Zhou v. Pittsburg State Univ.*, 252 F. Supp. 2d 1194, 1199 (D. Kan. 2003) (citing *Van Skiver v. U.S.*, 952 F.2d 1241, 1243 (10th Cir. 1991) (emphasis added).

[20]See 11 U.S.C. § 362(c)(2).

7

proceedings. Finally, as noted above, there is no longer any stay in this case now that discharge has been entered, so even if the Court were to find that it erred in granting stay relief, which it does not so find, it would have absolutely no impact on this case.

Finally, as to the issue of whether Debtor is a performing party under a new agreement to pay, the Court reminds the parties of what it ruled at the hearing on this matter. In ruling on the motion for relief from stay, the Court stated:

> The Court wishes to make it very clear what it is not ruling on today. It is not ruling on the merits of the transfer proceeding pending before the state administrative body. Clearly debtor has raised certain rights and defenses provided by state and federal law, including that she's too frail to be transferred. But what Pioneer Ridge seeks today is not for the Court to hold that debtor can be transferred, but instead that Pioneer Ridge has the right-- the legal right to continue with the transfer or eviction proceeding. Debtor will have full opportunity to present any defenses in any state, legal, or administrative proceeding if she-- if she can as a result of not being barred by prior rulings in the case.
> Today's ruling simply affords Pioneer Ridge the opportunity to continue its effort to have debtor removed from this facility. It will be for the state court or administrative body to determine whether such a transfer is proper under non-bankruptcy law.[21]

In reviewing Debtor's motion, most of her argument focuses on whether eviction is proper, or whether Debtor's presence in the nursing facility is based upon a new agreement that is governed by the Medicaid Act and the Nursing Home Reform Act. Again, this Court has not, need not, and will not, decide whether Pioneer Ridge has a right to evict Debtor, or whether Debtor has a right to remain in the facility, pursuant to pertinent non-bankruptcy law, e.g., the Medicaid Act or the Nursing Home Reform Act. That issue is for the state courts and/or administrative bodies to determine. If Pioneer Ridge is not entitled to evict Debtor based upon her breach of the admission agreement, the Court has full confidence that the state entities reviewing this case will so find. What

---

[21] Transcript of hearing held June 15, 2009 (Doc. 61) at 33-34.

8

this Court did find, and does find, is there was sufficient cause to grant relief from the stay to Pioneer Ridge so that the issue of eviction could be determined. Both parties have a right to have this issue decided by the proper tribunal without any further delay.

IV.     **ANALYSIS OF MOTION FOR WRITTEN FINDINGS**

Pioneer Ridge requests the Court expand its written order granting relief from stay because it "is concerned that even if this Court denies the Motion to Reconsider without supplementing the initial order on the Motion to Lift Automatic Stay, Debtor will attempt to argue and recharacterize this Court's ruling when Pioneer Ridge seeks to move forward with its administrative remedies against the Debtor." Debtor has not responded to this Motion, and the time for doing so has expired.

It appears that Pioneer Ridge's concerns are warranted, as even in Debtor's reply brief, she asserts that she filed the Motion to Reconsider "to clarify her potential claims against Pioneer Ridge should it fail to abate its collection action based upon its Admission Agreement in the future."[22] The Court originally elected to orally announce its findings of fact and conclusions of law because the matter was time sensitive. The Court now finds that its oral findings of fact and conclusions of law are sufficiently clear that entry of yet another order is unnecessary, especially in light of the Court's schedule and the time it would take to enter a decision of the quality the Court strives to issue.

The Court suggests that Pioneer Ridge provide a Clerk's certified copy of the Transcript to the hearing officer if Debtor attempts to argue that because the Pioneer Ridge debt has been discharged, that such discharge somehow prevents Pioneer Ridge from pursuing the eviction action. As the Court's oral findings outline, the Court specifically rejected Debtor's argument that once the

---

[22]Doc. 68 at n.2.

underlying debt was discharged, Pioneer Ridge would have no basis for continuing its efforts to transfer debtor (since her care is now being paid by Medicaid).[23]

## IV. CONCLUSION

Debtor has failed to establish sufficient cause to set aside the Court's oral ruling on Pioneer Ridge's motion for relief from stay, which was incorporated by reference into the order entered June 15, 2009. Debtor specifically stated she did not controvert the factual findings that were initially raised by Pioneer Ridge in its initial brief. The only fact that had not been specifically agreed to by Debtor—that Debtor's attorney-in-fact knew she was about to run out of money but failed to timely apply for Medicaid assistance—was a reasonable conclusion drawn from admissions made by Debtor in her written submissions. In any event, and probably most importantly, these factual findings were made to provide background for the Court's ruling, and even if withdrawn, would not result in a change in the outcome of this issue.

As for the alleged legal errors, the Court finds that Debtor has not raised any new arguments that were not previously raised, albeit in an admittedly truncated manner. Nothing raised by Debtor persuades the Court that it erred in granting stay relief in this case to allow Pioneer Ridge to continue its eviction efforts before the appropriate state court or administrative body. Nothing in the Court's opinion should be construed as a ruling on the merits of the underlying eviction case. The only issue before the Court was whether sufficient cause existed for the Court to lift the automatic stay and allow that administrative proceeding to continue, and the Court found that such cause did exist. The Court also notes that because Debtor has now been granted a discharge, there is no automatic stay

---

[23]For example, the Court's oral order specifically states "Similarly, Pioneer Ridge has the right to attempt to transfer debtor by going through the proper procedures outlined by state and federal law based upon debtor's breach, despite the fact the arrearage amount will soon be discharged." Transcript at p.31, Line 10.

Case 09-40136   Doc# 70   Filed 07/23/09   Page 10 of 11

in effect, and the Court would be unable to grant any relief to Debtor even if the prior order was entered in error.

The Court also denies Pioneer Ridge's Motion for Written Findings on the basis that the Transcript of the Court's oral findings of fact and conclusions of law adequately explain the Court's rationale, and an additional written order is simply not necessary, and would consume judicial resources that could better be used for other matters.

**IT IS, THEREFORE, BY THE COURT ORDERED** that Debtor's Motion to Alter or Amend the Judgment[24] is denied.

**IT IS FURTHER ORDERED** that Pioneer Ridge's Motion for Written Findings[25] is denied.

# # #

---

[24] Doc. 62.

[25] Doc. 65.